## THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KNICKERBOCKER LIFE INSURANCE COMPANY, Respondent.

### (Matter of Application of CARRIE L. YOUNG, Appellant.)

*Insolvent insurance company — valuation of policies in case of death after the appointment of a receiver.*

An insurance company having been dissolved, and a receiver thereof appointed, an actuary was directed to determine the value of its outstanding policies. A claim was presented by the appellant upon a policy issued upon the life of her husband. Before the proceedings were completed, and on November 2, 1883 her husband died. On December fourteenth, the proofs required by the policy, were filed with and retained by the receiver. The report of the actuary was confirmed on August 7, 1884.

*Held,* that the appellant was entitled to have her policy valued upon the basis of her husband's death, and not as an existing and continuing insurance.

Appeal by Carrie L. Young from an order denying an application made by her for the revaluation of a policy of life insurance, issued by the defendant, the Knickerbocker Life Insurance Company, upon the life of her husband.

*Joseph B. Green,* for the appellant.

*John C. Keeler,* for the receiver, etc., respondent.

Daniels, J.:

By an interlocutory judgment in the action, the company had been dissolved and a receiver of its property and effects had been appointed by the court. An order was made requiring the claimants to present their claims, and within the time prescribed for that pur-

pose the policy issued for the benefit of the petitioner upon the life of her husband, was filed with the receiver. Proceedings were taken to value such policies as were filed with the receiver, and this was included in them; but before they were completed or the report of the actuary confirmed the plaintiff's husband died. The decease took place on the 2d of November, 1883, and the proofs thereupon required by the policy were filed with the receiver on the fourteenth day of December following, and afterwards retained by him. The report of the actuary was confirmed on the 7th of August, 1884, without notice to the petitioner, and as the valuation was made upon the policy as an existing and continuing insurance, and not upon the basis of the decease of the person whose life was insured, the petitioner applied for an order directing a revaluation to be made. It appeared by a stipulation entered into between the attorneys for the parties that this could be done without disturbing or diminishing the dividend already directed to be paid to other policyholders. No embarrassment, or confusion, therefore, could arise from the revaluation of the policy as a death claim against the receiver. And as the person whose life was insured died while the actuary was proceeding with his valuations, and knowledge of that fact was brought to the receiver himself, it seems to have been no more than was just and equitable that the revaluation asked for should be directed. By the valuation of the policy, which was made, the petitioner and owner became entitled to the payment of so much money only as would enable her to obtain another policy for the same amount upon the life of her husband in a solvent insurance company. And that was very far below the amount she would be entitled to receive upon the policy after the decease of her husband. And this decease followed so nearly upon the time when the policy was filed with the receiver, as to exonerate her from the charge of laches or unreasonable delay in obtaining another insurance upon his life. She had unusually strong claims, under the circumstances, that the policy should have been valued by the actuary as a death claim, inasmuch as all the facts had occurred entitling her to that valuation before he had completed the performance of his services, or made his report upon the subject committed to his consideration. The cases of *People* v. *Security Insurance Company* (23 Hun, 601), as well as that of *People* v. *Security Insurance Com-*

pany (78 N. Y., 114), *The Attorney General* v. *Continental Insurance Company* (88 id., 77), do not require any different view to be taken of the effect of these facts. But they committed the subject to the discretion of the court to make such order as may appear to be just and equitable in the disposition of these applications. And as the facts were presented both justice and equity combined in support of the petitioner's application. The order should be reversed, and an order entered directing a revaluation of this policy, but under the circumstances presented, without costs to either of the parties.

Davis, P. J., and Brady, J., concurred.

Order reversed, and order to be entered directing revaluation of policy, without costs to either party.